**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| In re FREDERICK E ROBINSON, III, Debtor | Chapter 13 Case No. 12-15591-FJB |

**MEMORANDUM OF DECISION ON**
**CREDITOR R.P. VALOIS, CO., INC.'S MOTION TO DISMISS**

On June 29, 2012, the Debtor, Frederick E Robinson, III, filed for relief under Chapter 13 of the Bankruptcy Code.[1]  His schedules list $1,005,462.46 of secured debt and $609,341.15 of unsecured debt.  A secured claim of $149,940 and an unsecured claim of $271,893.56 of R.P. Valois & Co., Inc. ("Valois") are listed as unliquidated and disputed[2].  Valois brought this motion to dismiss on the grounds that the Debtor is not eligible to be a debtor under Chapter 13 because Valois' claim is liquidated and therefore the Debtor exceeds the debt limits set forth in 11 U.S.C. § 109(e).

The debt giving rise to Valois' claim is based on a civil lawsuit for breach of contract in Bristol County Superior Court ("State Court") that the parties agreed to resolve by binding arbitration.  The arbitration lasted for over 11 days and on April 13, 2012, the arbitrator issued what was styled an "Interim Award."  The Interim Award found in favor of Valois, awarding $149,945 in damages, $140,274.58 in interest, plus attorneys' fees and costs, to be determined later, and denied all of the Debtor's counterclaims.  The last paragraph of the Interim Award states that: "Except for Valois' claim for costs and attorneys' fees which shall be addressed in

---

[1] 11 U.S.C. § 101 *et seq.*
[2] While the schedules list Valois as having two separate claims, the underlying debt is based on the same event.  For the purposes of this decision I will treat the claims as a combined claim, with a secured and unsecured portion.

the Final Award, this Interim Award is in full settlement of all claims and counterclaims submitted to this Arbitration, and all other claims are expressly denied." *Valois' Motion to Dismiss Exhibit B* [Docket No. 39]. In addition, although not addressed in the Interim Award, the parties agree that the Debtor is in possession of unused building materials that Valois may accept for a return and credit. The Final Award was never issued, and consequently never confirmed by the State Court, due to the Debtor filing bankruptcy prior to the arbitrator making a determination as to the attorneys' fees and costs.

To be eligible for relief under Chapter 13 of the Bankruptcy Code, a debtor must be "an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 . . .." 11 U.S.C. § 109(e).

The parties agreed at the hearing that Valois' claim is noncontingent, thus that feature of § 109(e) is met. Relying on the language from the Interim Award, Valois asserts that its claim is liquidated because the arbitrator determined a final value of its claim. The Debtor argues that the debt is unliquidated because the Interim Award does not value attorneys' fees and costs, the award is not styled "final" and could be reduced in State Court, and the claim may be reduced due to a credit from the return of unused building materials. If Valois' claim is a noncontingent, liquidated debt, the Debtor will exceed the unsecured debt limit established in § 109(e).

The Debtor lists Valois' claim as "unliquidated" and "disputed" in his schedules. When a debtor has completed his schedules with due diligence and filed them in good faith, the schedules determine a debtor's eligibility for Chapter 13. *De Jounghe v Mender (In re De Jounghe)*, 334 B.R. 760, 768 (B.A.P. 1st Cir. 2005). Valois has not alleged that the Debtor did not exercise due diligence in completing his schedules or that they were filed in bad faith. However, labeling a claim as "unliquidated" in the schedules is not conclusive of such characterization and the court can "scrutinize and redesignate the characterization when it is the

subject of a case or controversy." *Id.* (quoting *In re Stern,* 266 B.R. 322, 326 (Bankr.D.Md.2001)).

Debtor has designated Valois' claim as "disputed," but that designation is not relevant to a § 109(e) determination because listing a debt as disputed does not mean that the debt is contingent or unliquidated. The Bankruptcy Code uses "contingent," "unliquidated," and "disputed" in its definition of "claim." 11 U.S.C. § 101(5). Determining a debt to be unliquidated simply because a debtor lists the claim as disputed would render the term "unliquidated" mere surplusage. *In re Mazzeo,* 131 F.3d 295, 304 (2d Cir. 1997). "Such an interpretation would also allow a debtor, simply by characterizing certain claims as disputed, to ensure his eligibility to proceed under Chapter 13 in circumstances that Congress plainly intended to exclude from that chapter." *Id.* Thus, whether or not the Debtor is eligible for relief under Chapter 13 turns exclusively on whether Valois' claim is liquidated or unliquidated.

"Liquidated" and "unliquidated" are not defined in the Bankruptcy Code. "The terms 'liquidated' and 'unliquidated' generally refer to a claim's value (and the size of the corresponding debt) and the ease with which that value can be ascertained." *In re Mazzeo,* 131 F.3d at 304 (citing cases). A debt is liquidated if it is subject to "ready determination and precision in computation of the amount due." *In re De Jounghe,* 334 B.R. 760 at 769; *In re Reader,* 274 B.R. 893, 896 (Bankr. D. Colo. 2002). A debt is subject to ready determination when only a simple hearing is required, rather than an extensive, contested, evidentiary hearing. *FDIC v. Wenberg (In re Wenberg),* 94 B.R. 631, 634 (B.A.P. 9th Cir. 1988) *aff'd* 902 F.2d 768 (9th Cir. 1990). Some courts have gone as far as to say that debts arising from a contract are generally liquidated, *See In re Keenan,* 201 B.R. 263, 265 (Bankr. S.D. Cal. 1996) (citing cases), a conclusion that I am not required to reach here.

The debt in question arises from a breach of contract claim. The arbitrator, in the Interim Award, found in favor of Valois, calculated damages based on simple arithmetic and then applied interest per the terms of the contract. The credit, if any, for the return of unused building

3

materials is a potential setoff that might reduce Valois' actual collection, but does not, by itself, render the debt unliquidated.  See In re Reader, 274 B.R. 893 at 896.  Counsel for Valois stated that the return of unused materials would affect the award by no more than 5%; this assertion was not contradicted.

While the Interim Award as to damages is not a "final judgment" since it must be confirmed by the State Court, see MASS. GEN. LAWS. ch. 251, §§ 11, 14, the damages award from a binding arbitration before it is confirmed by a court is similar to that of a judgment, not entitled to res judicata, on appeal.  "A judgment is final 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but enforce by execution what has been determined.'"  In re Mitchell, 255 B.R. 345, 358-359 (Bankr. D. Mass. 2000) (citing Sullivan v. Delta Air Lines, Inc., 15 Cal.4th 288, 63 Cal.Rptr.2d 74, 935 P.2d 781 (1997)).  The arbitration, resulting in the Interim Award, adjudicated the merits of the case and leaves only the entering of the judgment to the State Court.  See MASS. GEN. LAWS. ch. 251, §§ 11-14.  While the amount of the judgment may change, the debt is entitled to a recognition of finality for the purposes of § 109(e).  See In re Mitchell, 255 B.R. 345 at 359.  Indeed, to rule otherwise would encourage mischief and do violence to the arbitration process.  A disappointed arbitral party could file a bankruptcy petition before the award is confirmed and have another "bite at the apple."  This process would be wasteful and contrary to the premise of allowing parties to agree to resolve their disputes in arbitration rather than in court.

Determining the appropriate attorneys' fees and costs requires a simple hearing rather than an extensive evidentiary hearing, and, in fact, the court has asked Valois to submit a request for attorneys' fees and costs with respect to the arbitration.  See Docket No. 51.  Since the attorneys' fees and costs are subject to ready determination, I find Valois' claim based on the Interim Award to be liquidated.  See In re Reader, 274 B.R. 893 at 897.  Even if the attorneys' fees and costs were not readily determinable, there is no dispute that such an award would only increase Valois' claim.  Holding the entire debt to be unliquidated due to an

undetermined portion that would only increase a claim, when the claim as it is currently would make the Debtor ineligible for relief under Chapter 13, would be holding form over substance.

I find that Valois' claim is a noncontingent, liquidated debt for the purposes of § 109(e). As a result, the Debtor is over the unsecured debt limit, and is not eligible to be a debtor under Chapter 13. Pursuant to my order dated November 1, 2012[3], Valois' motion to dismiss is granted subject to the Debtor's right to convert this case to one under Chapter 11 which will occur no later than November 8, 2012. In the event the Debtor does not file a motion to convert on or before November 8, 2012, an order dismissing the case will enter forthwith.

Date: November 8, 2012

_____
Frank J. Bailey
United States Bankruptcy Judge

---

[3] Docket No. 69

5